UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANCHEZ WILSON,

        Petitioner,

v.                                                                Case No. 24-cv-0655-bhl

GARY BOUGHTON, Warden,

        Respondent.

## SCREENING ORDER

        On May 28, 2024, Petitioner Sanchez Wilson, a state prisoner currently incarcerated at Wisconsin Secure Program Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On July 15, 2024, Wilson submitted the $5.00 filing fee after the Court denied his motion for leave to proceed without prepayment of the filing fee. (ECF No. 8.) Rule 4 of the Rules Governing Section 2254 Cases, requires the Court to screen Wilson's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. The Court also considers whether the petitioner has filed within the statute of limitations period. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. § 2244(d)(1)(A).

        Wilson's petition asserts two grounds for relief in his petition although there is considerable overlap among the two claims. Ground One is based on a claim of ineffective assistance of counsel under the Sixth Amendment. (ECF No. 1 at 6.) Wilson argues that his attorney "failed to address

pro se motion about probable cause determination never being signed or filed with the court." (*Id.*) Wilson claims the judge ruled on the motion but in doing so "misstated the law and never addressed [Wilson] being held over 115 hours without having a probable cause determination." (*Id.* at 6–7.) Wilson further claims his attorney "never argued ineffective assistance on initial appearance attorney" or "ineffective assistance on preliminary attorney" and on appeal, his appellate counsel did not argue ineffective assistance of trial counsel. (*Id.* at 7.) Ground Two alleges a "Fourth Amendment violation" and cites two Supreme Court cases without explanation: *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). (ECF No. 1 at 7.) As supporting facts, Wilson alleges he was arrested without probable cause "on March 29, 2019 and did not have an initial appearance until April 3, 2019." (*Id.*) The criminal complaint was filed on April 3, 2019. (*Id.*) The Court has reviewed the publicly available docket for Milwaukee County Case Number 2019CF001411, available at https://wcca.wicourts.gov, and a docket entry on April 3, 2019 states "Court reviewed complaint and found probable cause to hold defendant for further proceedings." *See* Milwaukee County Case Number 2019CF001411, https://wcca.wicourts.gov (last visited 8/12/24).

Wilson's petition appears to be timely. Under 28 U.S.C. § 2244(d)(1)(A), a petitioner must seek habeas relief within one year of his or her judgment becoming final. The Court has also reviewed Wisconsin Court of Appeals' decision affirming Wilson's conviction. *See State v. Wilson*, No. 2021AP1424-CR, 2022 WL 14177234 (Wis. Ct. App. Oct. 25, 2022). These records show that a jury found Wilson guilty of first-degree sexual assault of a child, first degree reckless injury while using a dangerous weapon, and possessing a firearm while a felon. *Id.* at *1. The Wisconsin Supreme Court denied review on February 21, 2023. (ECF No. 1 at 3.) The petitioner did not file a petition for review with the United States Supreme Court. (*Id.* at 4.) Wilson's conviction became "final," and his one-year limitations period began to run, on May 22, 2023, 90 days after the Wisconsin Supreme Court's denial of his petition for review. Wilson states, under penalty of perjury, that he placed his petition in the prison mailing system on May 22, 2024, one year to the day after his conviction became final. (*Id.* at 13.) Under the prison mailbox rule, Wilson's petition is timely.

Wilson's effort to achieve habeas relief fails, however, because his claims are not exhausted. A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939

F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose*, 455 U.S. at 510; *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). Wilson acknowledges that did not exhaust his state remedies on either ground. (ECF No. 1 at 7, 8.)

In his request for relief, however, Wilson asks the Court to stay his habeas petition and hold it in abeyance "until [he] exhaust[s his] state court remed[ies] such as a Knight petition." (*Id.* at 12.) The law recognizes that when dismissal would essentially bar a future habeas case because of the statute of limitations, a case *may* be stayed to provide the petitioner the opportunity to exhaust the remaining claim. *See Rhines v. Weber*, 544 U.S. 269, 273-79 (2005). Whether to grant a stay is significant because a court's dismissal does not toll the statute of limitations. *See Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002). Accordingly, courts have discretion to "stay" the federal proceeding while the petitioner pursues his unexhausted claim in state court rather than simply dismissing the petition without prejudice. The Supreme Court has emphasized, however, that a stay should be granted "only in limited circumstances" so as not to undermine the Anti-Terrorism and Effective Death Penalty Act's twin goals of encouraging finality of state court judgments and encouraging petitioners to seek relief from the state courts in the first instance. *Rhines*, 544 U.S. at 277. Granting a stay is not appropriate unless the district court determines there is "good cause" for the petitioner's failure to exhaust his claims first in state court or when the unexhausted claims are "plainly meritless." *Id.*

In this case, Wilson has not shown that a stay should be entered. As for cause, Wilson states that it took him five months to receive trial transcripts from his trial counsel after the Wisconsin Supreme Court denied review and claims he has "been working diligently to finish." (ECF No. 1 at 12.) But the record does not support his claimed diligence. Wilson did not mail his federal habeas petition until May 22, 2024, the last possible day before the one-year limitation period expired. At that time, he had not yet filed *any* motion for post-conviction relief in state court. His lengthy inaction undercuts a finding of good cause.

Moreover, Wilson's petition also appears lacking in merit. He argues that he was held without a probable cause determination for a period that presumably exceeded the presumptively

reasonable 48-hour period for such detentions. *See McLaughlin*, 500 U.S. at 56–57 (where the Supreme Court held that keeping a person arrested without a warrant in custody for up to forty-eight hours prior to a probable cause determination is presumptively reasonable, but longer detentions are preemptively unreasonable). Even if that is true, an "illegal arrest or detention does not void a subsequent conviction." *Gerstein*, 420 U.S. at 119. In other words, "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Id*. Wilson also offers no consequences that flowed from any alleged failure to comply with the requirements of *McLaughlin*. Therefore, Wilson's ineffective assistance of counsel claim does not support a finding of either deficient performance by counsel or prejudice as required under *Strickland v. Washington*, 466 U.S. 668 (1984).

As for Wilson's Fourth Amendment claim, if a petitioner has received a full and fair opportunity to litigate his Fourth Amendment claim in state court, federal habeas corpus review is barred. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Wilson acknowledges that the trial judge "heard the motion before trial" but claims the circuit court "misstated the law." (ECF No. 1 at 6.) Wilson's claim is barred as "'full and fair' guarantees the right to present one's case, but it does not guarantee a correct result." *Cabrera v. Hinsley*, 324 F.3d 527, 531, 532 (7th Cir. 2003) ("Absent a subversion of the hearing process, we will not examine whether the judge got it right."). Wilson has made no such allegations.

The Court will allow Wilson thirty days to support his request for a stay with specific facts showing that (1) he has "good cause" for failing to exhaust his ineffective assistance of counsel claim; and (2) that the claim has merit. Specifically, the petition should support his conclusory allegations of ineffective assistance of counsel with specific facts showing both deficient performance and prejudice as required under *Strickland v. Washington*, 466 U.S. 668 (1984). If Wilson fails to file a response that complies with this Order, his Petition will be dismissed for lack of diligence pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41(c) (E.D. Wis.).

Accordingly,

**IT IS THEREFORE ORDERED** that, within **30 days of the date of this order**, Wilson shall support his request for a stay with specific facts showing that (1) he has "good cause" for

failing to exhaust his ineffective assistance of counsel claim; and (2) that the claim has merit. If Wilson fails to respond within 30 days, his petition will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on August 12, 2024.

                                       s/ *Brett H. Ludwig*
                                       BRETT H. LUDWIG
                                       United States District Judge