UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANCHEZ WILSON,

                Petitioner,

v.                                                    Case No. 24-cv-0655-bhl

GARY BOUGHTON, Warden,

                Respondent.

## SCREENING ORDER

        On August 12, 2024, the Court screened Petitioner Sanchez Wilson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and determined that he had failed to exhaust his claims in state court. (ECF No. 9 at 2–3.) Wilson himself acknowledged his failure to exhaust in his petition, asking in his request for relief, that the Court to stay the petition and hold it in abeyance "until [he] exhaust[s his] state court remed[ies] such as a Knight petition." (ECF No. 1 at 12.) Instead of dismissing Wilson's petition, the Court gave him thirty days to explain why the Court should grant his request for a stay. As the Court informed Wilson, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). And, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* The Court thus directed Wilson to explain that (1) he has "good cause" for failing to exhaust his ineffective assistance of counsel claim; and (2) that his claim has merit. (ECF No. 9 at 4.) On September 11, 2024, Wilson filed a response in support of his request for a stay. (ECF No. 10.)

        Wilson's request for a stay will be denied. He has not provided any excuse or mitigating circumstance demonstrating "good cause." As noted in the screening order, Wilson did not mail his federal habeas petition until May 22, 2024, the last possible day before the one-year limitation period expired. (ECF No. 9 at 3.) In his petition, Wilson stated that it took him five months to receive trial transcripts from his trial counsel after the Wisconsin Supreme Court denied review on

February 21, 2023, and claimed he has "been working diligently to finish" a "Knight petition." (ECF No. 1 at 3, 12.) According to Wilson's timeline, he would have received his trial transcripts on or about July 21, 2023. But he did not mail his habeas petition until May 22, 2024, more than *three hundred days* later. And despite being given the opportunity, he offers no explanation for why he did not begin exhaustion proceedings before coming to this Court. His lengthy and unexplained inaction undercuts any finding of good cause. Wilson has provided no compelling argument that excuses his failure to exhaust his claims in state court before turning to this Court. Indeed, even to this day, Wilson has apparently not filed any motion for post-conviction relief in state court. Because Wilson has not shown good cause for failing to fairly present his ineffective assistance claims to the Wisconsin state courts, the Court finds that Wilson's request for a stay-and-abeyance of his petition is inappropriate and will therefore dismiss Wilson's petition.[1] *See Rhines*, 544 U.S. at 277.

While the Court recognizes the gravity of this situation, the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "dramatically altered the landscape for federal habeas corpus petitions." *Rhines*, 544 U.S. at 274. AEDPA preserved the requirement that a petitioner first exhaust state court remedies before coming into federal court as set forth in *Rose v. Lundy*, 455 U.S. 509 (1982) but also imposed a one-year statute of limitations on the filing of federal petitions. *Id.* A petitioner who comes into federal court with unexhausted claims "run[s] the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275. Although a postconviction motion filed in state court tolls the running of the limitations period under 28 U.S.C. § 2244(d)(1), the filing of a federal habeas corpus petition does not. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). Therefore, any subsequent petition filed by Wilson likely will be barred by AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d). The Court, however, concludes that Wilson's petition is not one of those "limited circumstances" where a stay should be granted. *Rhines*, 544 U.S. at 277.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a

---

[1] Because Wilson has not demonstrated good cause for his failure to exhaust his claims in state court prior to filing his federal habeas petition, it is unnecessary to determine whether the unexhausted claims are "plainly meritless" or whether Wilson engaged in "intentionally dilatory litigation tactics." *See Rhines*, 544 U.S. at 277, 278.

"substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurist could debate whether Petitioner exhausted state remedies nor whether Petitioner established the requisite good cause for a stay. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for writ habeas corpus, ECF No. 1, is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. The Clerk of Court is directed to enter judgment.

Dated at Milwaukee, Wisconsin on September 13, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge